# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, | ) |
| | ) CASE NO.: 2:24-cv-04751-RMG |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLESTON DOCK DOCTORS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF ARGONAUT INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, ARGONAUT INSURANCE COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201, as well as the Local Rules of the United States District Court for the District of South Carolina and for its Complaint for Declaratory Judgment, would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1.  Plaintiff, ARGONAUT INSURANCE COMPANY, (hereinafter "ARGONAUT") is a corporation organized and existing under the laws of the State of Illinois, with its office and principal place of business located in the State of Illinois.

2.  On information and belief, Defendant CHARLESTON DOCK DOCTORS, LLC (hereinafter "CHARLESTON DOCK") is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business and agent for service of process in the State of South Carolina.

3.  This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 *et seq*, in that a present controversy exists between the parties hereto in which the

Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of insurance which is in dispute.

4. Venue lies within the District of South Carolina as this cause arises out of a policy of insurance issued by Plaintiff to the Insured named therein, the Defendant, CHARLESTON DOCK, located at 1366 Peirce Road, Cottageville, SC 29435.

5. As this is a case between parties of diverse citizenship and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction pursuant to U. S. Const., Art. III, §2, cl. 1 and 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

6. In May 2023, ARGONAUT issued to CHARLESTON DOCK a policy of marine insurance, bearing Policy No. 726OM5301-00 (hereinafter "the Policy"), which incepted on May 3, 2023, affording certain third-party liability coverage, subject to the Policy's express and implied terms, provisions, exclusions, and conditions.

7. A true and correct copy of the Policy is attached hereto as Exhibit 1.

8. The Policy states, in relevant part:

> **COMMERCIAL LINES POLICY**
> **COMMON POLICY DECLARATIONS**
>
> …
>
> **POLICY NO.:**     726OM5301-00
>
> **NAMED INSURED AND ADDRESS**
> Charleston Dock Doctors, LLC
> 1366 Peirce Rd.
> Cottageville, SC 29435
>
> **POLICY PERIOD: From**: 5/03/2023 **To:** 5/03/2024…

Ex. 1., p. 1 of 67.

2

9. On October 17, 2023, CHARLESTON DOCK rented a Bobcat mini track loader (hereinafter "the Bobcat") from John's Island Tool Rental & Repair (hereinafter "John's Island"). The contract under which the Bobcat was rented by John's Island to CHARLESTON DOCK is hereinafter referred to as "the Lease". A true and correct copy of the Lease is attached hereto as Exhibit 2.

10. The Lease states, in relevant part:

**TERMS AND CONDITIONS**

…

12. **DAMAGED, DIRTY, OR LOST EQUIPMENT.** Customer agrees to pay for any damage or loss to the goods, as an insurer, regardless of cause…

Ex. 2., p. 2.

11. On October 18, 2023, while it was located at 7356 Eddy Farm Road, Meggett, SC 29449, the Bobcat slipped from its position and toppled into a pond, becoming completely submerged.

12. On October 26, 2023, John's Island sent a pre-suit demand letter to CHARLESTON DOCK, demanding $41,738.00 for the loss of the Bobcat, as well as additional sums for loss of rental use of the Bobcat.

13. On December 21, 2023, John's Island filed a complaint in South Carolina State Court alleging that CHARLESTON DOCK was liable for (1) Negligence and Gross Negligence, (2) Breach of Contract, and (3) violation of South Carolina's Unfair Trade Practices Act (S.C. Code Ann. §39-5-10 *et seq*. A copy of the complaint (hereinafter "the Complaint") is attached hereto as Exhibit 3.

14. John's Island reported the filing of the lawsuit to ARGONAUT, tendering defense against the Complaint to ARGONAUT, and further demanding indemnification.

15. Following the report to ARGONAUT of the filing of the Complaint against CHARLESTON DOCK, along with the tender of defense and demand for indemnification, ARGONAUT caused to be conducted a full investigation into the causes and circumstances of the loss of the Bobcat and the damage alleged in the Complaint.

16. Based on the facts uncovered in that investigation, ARGONAUT determined that the Policy afforded no coverage for any of the alleged or potential liability of CHARLESTON DOCK to John's Island.

17. On February 6, 2024, ARGONAUT issued a reservation of rights letter informing CHARLESTON DOCK of the various terms of the Policy which barred coverage for the claims asserted by John's Island, and informing CHARLESTON DOCK that the Policy imposed no duty on ARGONAUT to defend or indemnify CHARLESTON DOCK against the claims asserted by John's Island.

18. Notwithstanding the lack of coverage for defense and indemnification, the reservation of rights letter further informed John's Island of ARGONAUT's acceptance of the tender of defense, subject to the reservation of all of ARGONAUT's express and implied rights under the Policy.

19. Pursuant to ARGONAUT's acceptance of the tender of defense under reservation, ARGONAUT appointed Rob Moseley, Esq. from the law firm of Moseley Marcinak Law Group LLP, to represent CHARLESTON DOCK in its defense against the claims asserted by John's Island.

20. Notwithstanding the facts established by ARGONAUT's investigation, CHARLESTON DOCK has made and continues to make a claim against ARGONAUT for defense and indemnification under the terms of the Policy.

## **FIRST CAUSE OF ACTION**

21. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

22. The Policy states, in pertinent part:

> 2. Exclusions
>
> This insurance does not apply to:
>
> A. …
>
> B. Damage to Property
>
> **Property Damage** to:
>
> 1) Property owned by, rented to, or occupied by the Named Insured;
>
> …

Ex. 1., p. 18 of 67 and 19 of 67.

23. The Policy states, in pertinent part:

> 20. **Property Damage** means:
>
> A. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or…

Ex 1., p. 46 of 67.

24. Some or all of the of the claims asserted by John's Island against CHARLESTON DOCK are for property damage to property rented to CHARLESTON DOCK.

25. Notwithstanding the lack of any coverage under the Policy for these claims, CHARLESTON DOCK has made and continues to make a demand for defense and indemnification against the claims asserted by John's Island.

26. As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

27. As a result of CHARLESTON DOCK's demands for defense and indemnification under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

29. The Policy states, in pertinent part:

> 2. Exclusions
>
> This insurance does not apply to:
>
> C. …
>
> D. Contractual Liability
>
> **Bodily Injury** or **Property Damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement…

Ex. 1., p. 19 of 67.

30. Some or all of the of the claims asserted by John's Island against CHARLESTON DOCK are for property damage for which CHARLESTON DOCK is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

31. Notwithstanding the lack of any coverage under the Policy for these claims, CHARLESTON DOCK has made and continues to make a demand for defense and indemnification against the claims asserted by John's Island.

32. As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

33. As a result of CHARLESTON DOCK's demands for defense and indemnification under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

35. The Policy states, in pertinent part:

### SECTION I – MARINE OPERATIONS

1. Insuring Agreement

    A. Marine Contractor's Legal Liability

      1)      Marine Contractor's Legal Liability – **Property Damage**

      We will pay those sums that the Insured becomes legally obligated to pay as damages resulting from the Insured's operations as a Marine Contractor because of **Property Damage** to watercraft of others, including equipment, cargo, or other interests on board the watercraft, while said items are in the care, custody, and control of the insured.

      …

B. We will have the right and duty to defend the insured against any "Suit" seeking damages covered by the insuring agreement in Section I. We may, at our discretion, investigate any "Occurrence" and settle any claim or "Suit" that may result. But,

  1) …

  2) We will not be obligated to pay any damages or to defend any claim or "Suit" after the applicable Limit of Insurance has been exhausted by payment of judgments, settlements, or related expenses under Section I, II, III, or IV; and

  3) We will have no duty to defend the insured against any claim or "Suit" seeking damages to which this insurance does not apply.

…

Ex 1., p. 16 of 67.

36.    The Policy states, in pertinent part:

**SECTION II – GENERAL LIABILITY**

1. Insuring Agreement

  A. The Company will pay those sums that the insured becomes legally obligated to pay as damages because of **Bodily Injury** or **Property Damage** to which this insurance applies.

  B. The Company will have the right and duty to defend the insured against any **Suit** seeking those damages. The Company may, at their discretion, investigate any **Occurrence** and settle any claim or **Suit** that may result. But,

    1) …

    2) The Company will not be obligated to pay any damages or to defend any claim or **Suit** after the applicable Limit of Insurance has been exhausted by payment of judgments, settlements, or related expenses; and

    3) The Company will have no duty to defend the insured against any claim or **Suit** seeking damages to which this insurance does not apply.

…

37. The Policy states, in pertinent part:

    20. **Property Damage** means:

        A. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or…

Ex 1., p. 46 of 67.

38. The Policy states, in pertinent part:

### SECTION III - PERSONAL AND ADVERTISING INJURY

1. Insuring Agreement

    A. The Company will pay those sums that the insured becomes legally obligated to pay as damages because of **Personal Injury** and **Advertising Injury** to which this insurance applies.

Ex 1., p. 29 of 67.

39. The Policy states, in pertinent part:

    17. **Personal Injury** and **Advertising Injury** means injury, other than Bodily Injury, arising out of one or more of the following offenses:

        A. False arrest, detention or imprisonment;

        B. Malicious prosecution;

        C. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

9

      D. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services…

Ex 1., pp. 44-45.

40. Some or all of the of the claims asserted by John's Island against CHARLESTON DOCK are for neither property damage, bodily injury, personal injury, nor advertising injury.

41. Notwithstanding the lack of any coverage under the Policy for these claims, CHARLESTON DOCK has made and continues to make a demand for defense and indemnification against the claims asserted by John's Island.

42. As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

43. As a result of CHARLESTON DOCK's demands for defense and indemnification under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Policy No. 726OM5301-00 affords no coverage for the claims for defense and indemnification asserted by CHARLESTON DOCK;

(B) Declaring that Policy No. 726OM5301-00 does not obligate ARGONAUT to defend or indemnify CHARLESTON DOCK against the claims asserted by John's Island;

(C) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: August 30, 2024.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

By: *s/Skyler C. Wilson*
SKYLER C. WILSON
Federal Bar No.: 13008
***Attorney for Plaintiff***

40 Calhoun Street, Suite 400
Charleston, SC 29401
swilson@csvl.law
Ph: (843) 727-0307

11